FLORIDA LAND HOLDING CORPORATION v. L. P. McMILLEN

196 So. 217
Special Division A
Opinion Filed May 17, 1940

*H. D. Wentworth,* for Appellant;
*McMullen & Draper,* for Appellee.

CHAPMAN, J.—This case comes here on appeal the second time. See Florida Land Holding Corp. v. McMillen, 135 Fla. 431, 186 So. 188. When the case was before the Court on petition for rehearing this Court said:

"So it is that if the final decree entered by the Chancellor is otherwise correct, and we agree that it is, and the above statement portrays the real facts, then McMillen is only entitled to a lien to secure the difference between $3750.00 and $3,333.33, or $316.67, with interest from November 2, 1925, to date.

The record is so unclear in regard to these matters that we think further testimony should be taken relative thereto and, thereupon, this phase of the matter should be reconsidered by the Chancellor and that thereupon the decree should be modified, or not, pursuant to the Chancellor's findings of fact on this question.

"It is, therefore, ordered that the decree be reversed insofar only as the matters herein referred to are involved and that the cause be remanded for further proceedings as herein indicated."

Pursuant to the mandate of this Court the Chancellor received testimony of the respective parties on the amount due under the mortgage and made a finding of fact as to the amount due, and entered a final decree for the plaintiff below for the balance found to be due. An appeal has been perfected therefrom to this Court.

The record shows that after the plaintiff had rested its case before the Chancellor in the lower court, counsel for defendant offered in evidence a certified copy of deed dated September 15, 1922, between W. E. Lee and Lake Garfield Nurseries and an assignment from Lake Garfield Nurseries to Golden Ring Groves dated June 10, 1924. An objection was made to the introduction into the evidence of these instruments upon the grounds that neither thereof was

material to the issues and failed to throw any light upon the point of inquiry and failed to assist the court in determining the question then before the court, viz.: the amount of the balance due the said plaintiff. The lower court sustained the objections to the admission of the instruments offered by the plaintiff and ruling is assigned as error in this Court. We are unable to follow the reasoning offered for the admission of these instruments. The law of the case was fully settled by the former opinion of this Court and the instruments offered in evidence were not relevant or material and failed to establish the amount due the plaintiff by the defendant. We fail to find merit in this assignment.

We have carefully read the transcript, heard able arguments at the bar of this Court on the merits of the appeal and have studied the briefs and authorities cited by counsel for the respective parties and we fail to find error in the record.

The decree appealed from is hereby affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.